**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **EQUAL EMPLOYMENT** <br> **OPPORTUNITY COMMISSION** | * <br> * |
| **Plaintiff,** | * |
| **v.** | *   **Case No.: GJH-13-CV-2576** |
| **KMART CORPORATION, et al.** | * |
| **Defendants.** | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order disposes of Defendants' Motion for Leave to File Second Amended Answer, ECF No. 29, and Plaintiff's Motion to Strike Defendants' Reply to Response to Motion for Leave to File Second Amended Answer, ECF No. 43. The Court finds a hearing is unnecessary. *See* Local Rule 105.6.  For the reasons articulated below, both motions are GRANTED.

## I.    BACKGROUND

Lorenzo Cook applied to work for Defendant Kmart Corporation ("Kmart") at its Hyattsville, Maryland store as a customer service associate. ECF No. 1 at ¶ 29. Kmart selected him for employment conditioned on passing a urinalysis. *Id.* at ¶ 36. According to Plaintiff Equal Employment Opportunity Commission ("EEOC"), Mr. Cook suffers from End Stage Renal Disease, and dialysis treatment left him unable to produce urine. *Id.* at ¶37. The EEOC states that Mr. Cook informed the human resources representative at Kmart of his condition, and the

representative told Mr. Cook there was no alternative to the urinalysis. ECF No. 1 at ¶ 40. According to the EEOC, Kmart revoked its offer of employment due to Mr. Cook's failure to submit to the urinalysis. *Id.* at ¶¶ 40–41.

Mr. Cook filed a Charge of Discrimination with the EOOC, alleging violation of the Americans with Disabilities Act. *Id.* at ¶ 21. The EEOC performed an investigation and informed Defendants that there was reasonable cause for the EEOC to believe that the Defendants had violated the ADA in the failure to accommodate or hire Mr. Cook. *Id.* Conciliation efforts took place, but the process did not resolve the issues. *Id.* The EEOC filed this action on September 5, 2013. *Id.* The EEOC alleges that Defendants violated the ADA by failing to provide Mr. Cook with an accommodation for its mandatory urinalysis, such as blood or hair testing. *Id.*

Defendants' original Answer, filed October 30, 2013, included "failure to conciliate" as an affirmative defense. ECF No. 8. Although Defendants removed that defense from their Answer on December 2, 2013, ECF No. 16, they now wish to reinstate it. ECF No. 29 at 3.

## II.   DISCUSSION

### a.  Motion to Strike Defendants' Reply

Plaintiff filed an opposition to Defendants' request to reinstate the failure to conciliate defense and Defendants filed a Reply in Further Support of Defendants' Motion for Leave to File Second Amended Answer ("Reply"). ECF Nos. 33 & 42. Defendants attached conciliation e-mail communication as evidence to their Reply and discussed the contents of those communications in the body of the Reply.[1] Plaintiff has moved to strike Defendants' Reply,

---

[1] The Court notes that Plaintiff also revealed specifics of communications made during the conciliation process in its Exhibit A to its Opposition to Defendants' Motion to Amend their Answer. ECF No. 33-4 (Exhibit A).

contending that the emails and conversations during conciliation may not be used as evidence in this case.

Under 42 U.S.C. § 2000e–5(b), ". . . [n]othing said or done during and as a part of [conciliation] may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. . . ." Defendants contend that they are permitted to reveal the communications because the conciliation process is subject to judicial review and because the above provision only prohibits the EEOC from disclosing the communications. ECF No. 46 at 2–6. The cases Defendants cite address whether the EEOC conciliated in good faith. *Id.* at 2–4. However, those cases do not reference, and presumably the courts did not review, specific communications that occurred during the conciliation process nor do those opinions state whether the parties consented to review of specific communication that occurred during conciliation. *See id.* (collecting cases that find the EEOC must conciliate in good faith). It is true that this Court can review whether the EEOC engaged in good faith conciliation, however, Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(b), on its face, prohibits the EEOC from making the communications public and also prohibits all parties from using the communication as evidence in a subsequent proceeding without the written consent of the persons concerned. *See Olitsky v. Spencer Gifts, Inc.,* 842 F.2d 123, 126 (5th Cir. 1988) ("Section 706(b) clearly prohibits any use of EEOC conciliation materials in subsequent litigation, even by the parties to the agency proceeding."). Defendants have attempted to use, as evidence, and without consent of the EEOC, an exchange of correspondence between Defendants and the EEOC that took place during the conciliation process. The plain language of the statute prohibits use of these documents as evidence without written consent. These documents and Defendants' Reply are therefore stricken from the record.

**b. Amendment to Answer**

As the Court has struck Defendants' Reply in further support of its motion for leave to file a second amended answer, the Court does not consider the Reply in deciding whether to grant Defendants' request for leave to amend. Defendants request permission to amend their Answer to add "failure to conciliate" as a defense. Title VII requires the EEOC to engage in conciliation with the defendant before filing a lawsuit. *See* 42 U.S.C. § 2000e–5(b) ("[T]he Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."); 42 U.S.C. § 2000e–5(f)(1) ("If . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge."). Conciliation is one of the EEOC's most essential functions. *EEOC v. Raymon Metal Prods. Co.*, 530 F.2d 590, 596 (4th Cir. 1976). Conciliation is essential because it fully notifies the employer of the violations alleged, allows the EEOC to consider all the charges, and possibly leads to a resolution and voluntary compliance. *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1185 (4th Cir. 1981).

In this case, according to Defendants, evidence suggests that the EEOC did not conciliate in good faith. Defendants believe the EEOC was aware but did not inform Defendants that Mr. Cook alleged that he provided Kmart's representative with a hand written doctor's note explaining his condition. ECF No. 29 at 3. Defendants also believe the EEOC was aware but did not inform Defendants that a social worker corroborated Mr. Cook's recollection of this event. *Id*. Finally, Defendants believe that the EEOC did not request Mr. Cook's medical records during

the conciliation process, which contained a typed note from Mr. Cook's doctor outlining his medical condition and the need for accommodation. *Id.* at 2–3.

The EEOC argues that Defendants should not be permitted to amend their Answer because the defense is futile, the amendment would not serve the interests of justice, and the amendment would prolong and complicate the litigation. Specifically, the EEOC believes the amendment would be futile because the Fourth Circuit only mandates that the EEOC conciliate in good faith, which simply requires that the EEOC make an attempt at conciliation. ECF No. 33 at 10 (*citing EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979) (finding the evidence did not support defendant's assertion that "the Commission made no attempts to engage in conciliation")). The EEOC argues that the Fourth Circuit does not require the EEOC to disclose all underlying evidence or information during conciliation. *Id.* at 11–12. The EEOC also argues that the amendment would not serve the interests of justice because the defense is meritless as no facts have changed since the beginning of the case and because the defense would require pointless discovery. *Id.* at 12–13. Finally, the EEOC contends that the amendment would cause undue delay because Defendants were aware of the facts relevant to this defense long ago. *Id.* at 13–14.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires." *Id.* Under this directive, a court should grant leave to amend unless a justifying reason exists to deny leave, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

5

amendment . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Determining whether amendment would be futile does not involve 'an evaluation of the underlying merits of the case.'" *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) (internal citation omitted). Rather, "the merits of the litigation" are relevant to a court's ruling on a motion for leave to amend only if "a proposed amendment may clearly be seen to be futile." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Thus, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

The Court will permit Defendants leave to amend their Answer as Defendants' failure to conciliate defense is not clearly insufficient or frivolous on its face. Under the current Fourth Circuit standard, Defendants can succeed on a failure to conciliate defense if they show that the EEOC failed to conciliate in good faith. *Radiator Specialty Co.*, 610 F.2d at 183. To conciliate in good faith, the EEOC must attempt to conciliate. *Id.* (finding EEOC did act in good faith in attempting to conciliate where the EEOC sent the defendant a determination letter informing defendant that there had been a reasonable cause determination with regard to segregated departments and facilities, and the EEOC toured defendant's plant and discussed the charges with defendant). At least one court has found that a good faith attempt to conciliate includes providing information needed to evaluate the EEOC's demands, which would include identifying the individuals for whom the EEOC seeks equitable relief and noting the basis for the EEOC's demands. *EEOC v. First Midwest Bank, N.A.*, 14 F. Supp. 2d 1028, 1031–33 (N.D. Ill. 1998).

Defendants allege, *inter alia*, that the EEOC did not inform Defendants of certain facts during conciliation of which the EEOC was aware—specifically, that Mr. Cook claims to have provided Kmart's representative with a doctor's note explaining his condition and the need for

accommodation. The Defendants claim that this evidence was critical to any thoughtful evaluation of the case. ECF No. 29 at 6. Although the EEOC is not required to disclose all of its underlying evidence and information to the Defendants, *see EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 274 (D. Minn. 2009), Defendants' allegations are not completely frivolous because the conciliation process is meant to fully notify the employer of the violations alleged. *See Am. Nat'l Bank*, 652 F.2d at 1185 (explaining that conciliation, in part, fully notifies the employer of the violation alleged); *Cf. First Midwest Bank, N.A.*, 14 F. Supp. 2d at 1031–33 (finding the EEOC did not act in good faith when it quadrupled its demand for money damages but would not explain the basis for the increase or provide any information on the class of women against whom the defendant allegedly discriminated).

Moreover, there is currently a Circuit split regarding the standard for evaluating the conciliation process, which is likely to be resolved in the near future by the Supreme Court. At least three circuits, including the Fourth Circuit, solely look at whether the Commission acted in "good faith" or "reasonably." *See, e.g., EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979); *Serrano v. Cintas Corp.*, 699 F.3d 884, 904 (6th Cir. 2012); *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978). Other circuits require that the EEOC (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. *See, e.g., EEOC v. Asplundh Tree Expert*, 340 F.3d 1256, 1259 (11th Cir. 2003); *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1534 (2d. Cir. 1996); *EEOC v. Klingler Elec. Corp.,* 636 F.2d 104, 107 (5th Cir.1981). Finally, the Seventh Circuit has altogether rejected the failure to conciliate defense. *EEOC v. Mach Mining, LLC*, 738 F.3d 171, 175 (7th Cir. 2013). In light of the differing standards used among the Circuits, the Supreme

Court has granted a petition for *certiorari* and is expected to address whether and to what extent a court may review the EEOC's conciliation process. *See Mach Mining, LLC v. EEOC*, 134 S.Ct. 2872 (U.S. June 30, 2014). The Supreme Court's pending review of the appropriate standard for evaluating the EEOC's actions during the conciliation process provides more support for permitting Defendants to amend their Answer in this case. The Court also finds that the amendment would not cause undue delay and is in the interests of justice because the discovery period is still open and discovery would be minimal considering that conciliation consists of discussions among the parties, which Defendants would already have in their possession.

### III.    CONCLUSION

For the reasons stated above, it is **ORDERED** that Defendants' Motion for Leave to File Second Amended Answer (ECF No. 29) is **GRANTED.** Further, the EEOC's Motion to Strike Defendants' Reply in Further Support of Defendants' Motion for Leave to File Second Amended Answer (ECF No. 43) is **GRANTED**.

Dated: October 15, 2014

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE