IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | Civil Action No.: 13-CV-02576 |
| v. | ) ) | |
| KMART CORORATION; SEARS HOLDINGS MANAGEMENT CORPORATION | ) ) ) ) | |
| Defendant. | ) | |

### CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission"), against Defendants, Kmart Corporation and Sears Holdings Management Corporation (collectively "Defendant" or "Kmart"), alleging violations of Sections 102(a) and 102(b) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), (b). The Commission alleges that in 2010 Kmart violated the ADA when Kmart failed to reasonably accommodate Lorenzo Cook in the hiring process and, because of his alleged disability, failed to hire Mr. Cook for a position for which he was qualified and had received an offer of employment. More specifically, the EEOC alleges that following an offer of employment, Mr. Cook disclosed to Kmart that he could not participate in a urinalysis for Kmart's required post-offer, pre-employment drug screening because of his kidney disease and dialysis, and requested reasonable accommodation, including non-urine forms of drug screening, which Kmart failed to provide. Defendant denies the allegations.

The EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Decree, that will

1

resolve the EEOC's claims and promote and effectuate the purposes of the ADA. This Decree does not constitute an adjudication on the merits of the EEOC's claims and it shall not be construed as an admission by Defendant of any discrimination in violation of the ADA or any other law; nor shall it be construed as a waiver by the EEOC of its contentions of discrimination in violation of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein, it is **ORDERED, ADJUDGED AND DECREED**:

1. This Decree resolves all claims alleged in the Complaint filed by the EEOC in this ADA action (13-cv-02576 – United States District Court for the District of Maryland).

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

3. Defendant and its officers, servants, employees, successors, and assigns are hereby enjoined from violating the provisions of Title I of the ADA, and shall refrain from discriminating or taking adverse employment actions against disabled individuals on the basis of their disability or on the basis of the need to accommodate their disability, and further shall provide reasonable accommodations to such individuals as required by the ADA.

4. In full settlement of monetary damages alleged by the EEOC in this case, Defendant will pay Cook $102,048 within thirty (30) days from the date of entry of the Decree. This figure represents $2,048 in alleged lost wages and monetary benefits with interest. The remainder is paid as alleged non-economic relief. Defendant shall withhold all applicable taxes and statutory deductions from the $2,048 portion of the payment. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the

$2,048 payment representing lost wages and monetary benefits. When Defendant makes its payment, it shall also issue Internal Revenue Service W-2 and 1099 forms to Cook for the monetary settlement. The payments and forms required under this paragraph shall be delivered by certified mail to Lorenzo Cook, 11439 Abbottswood Court, Kettering, MD 20774.

5. Within sixty (60) days from the date of entry of the Decree, Defendant will revise its "Directions for using the Request for Accommodation (Disability) Forms," "Accommodation Request Form," "Health Care Provider Certification" form, and "Documentation of Accommodation Process" form, to provide for the processing of accommodation requests from current employees and applicants for employment. Within ten (10) days of the revision of the forms, Defendant will provide certification to the Commission's counsel of record that the same has occurred and provide a copy of the revised documents.

6. Within sixty (60) days from the date of entry of the Decree, Defendant will revise its STF-09 Alcohol and Drug Free Workplace Policy and STF-03 Pre-Employment Drug Testing Policy to include: a description of Defendant's obligation to provide reasonable accommodations to employees and/or applicants in the alcohol and drug testing processes, and an explanation of the process for handling accommodations in the alcohol and drug testing program and the position(s) or representative(s) to whom accommodation requests or questions concerning drug-testing should be directed. Defendant will also, within sixty (60) days from entry of the Decree, disseminate[1] the revised policies to all store managers, store assistant managers, and store People Coaches (*aka* HR Leads). Within ten (10) days of the revision and dissemination of the policies, Defendant will provide certification to the Commission's counsel of record that the same has occurred, detailing the date and method of dissemination and providing copies of the revised

---

[1] For purposes of this paragraph, disseminate includes electronic distribution of a link to the revised policies delivered to active e-mail addresses (in accordance with Kmart's standard electronic communications protocol) for the persons covered by this paragraph, with instructions to utilize the link and review the revised policies.

policies.

7. Within sixty (60) days from the date of entry of the Decree, Defendant will revise its Drug Free Workplace Program as follows:

a. The Program will be revised to include: a description of Defendant's obligation to provide reasonable accommodation to employees and/or applicants in the alcohol and drug testing program, and an explanation of the process for handling accommodations in the alcohol and drug testing program and the position(s) or representative(s) to whom accommodation requests or questions concerning drug-testing should be directed. Defendant will also disseminate[2] the revised Program to all store managers, store assistant managers, and store People Coaches (*aka* HR Leads). Within ten (10) days of the revision and dissemination of the Program, Defendant will provide certification to the Commission's counsel of record that the same has occurred, detailing the date and method of dissemination and providing a copy of the revised Program.

b. The Drug Testing Consent Form, the About the Associate Drug Testing Process Handout, and the About the Pre-Employment Drug Testing Process Handout will each be revised to include a notice of the availability of reasonable accommodation in the alcohol or drug testing process as required by the ADA, and guidance on the process for requesting accommodation for the alcohol or drug test. These requirements also apply to any documents that are viewed by or given to applicants or offerees in the standard application process relating to drug-testing informational or consent documents that are used in conjunction with Defendant's electronic recruiting and hiring system (*e.g.*, E-Hire/Odyssey system; Brass Ring system, etc.). This includes the "Drug Screen Invite", "Candidate Onboarding Guide" and any other such electronic

---

[2] For purposes of this paragraph, disseminate includes electronic distribution of a link to the revised Program delivered to active e-mail addresses (in accordance with Kmart's standard electronic communications protocol) for the persons covered by this paragraph, with instructions to utilize the link and review the revised Program.

documents or communications provided to applicants and/or offerees concerning drug-testing. Within ten (10) days of the finalization of the revisions to the documents (hard-copy and/or electronic), Defendant will provide certification to the Commission's counsel of record that the same has occurred, detailing how the revised documents were incorporated into Defendant's drug testing processes and providing a copy of the revised documents.

8. Within ninety (90) days from the date of entry of the Decree, Defendant will provide at least two (2) hours of live training to all actively employed store managers, store assistant managers and People Coaches (*aka* HR Leads) working in District 40740 concerning prohibited discrimination, harassment, retaliation and other issues arising under the equal employment laws enforced by the EEOC, and promoting compliance with such laws. This training must include a discussion of the laws and their requirements, the store management's and People Coaches' role in fulfilling Defendant's obligations under the laws, and a review of Defendant's applicable policies. Specifically, the training must include:

a. review and discussion of Defendant's ADA policy and accommodation process and store management's and People Coaches' role in the process;

b. review and discussion of Defendant's drug testing policies and its Drug Free Workplace Program, revised as described above, and store management's and People Coaches' roles in administering these policies and programs. Further, the training must include discussion of the availability of accommodations in the drug-testing program and the process for handling any such accommodations.

Within ten (10) days of the completion of the training, Defendant will provide certification to the Commission's counsel of record that the training has occurred, including the manner of conducting the training and ensuring attendance and identification of all individuals

completing the training.

9. Within twenty (20) days after entry of the Consent Decree, Defendant will post in all places where notices to employees customarily are posted at its retail locations in District 40740, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted as required and a statement of the locations and date(s) of posting.

10. The Commission and Defendant shall bear their own costs and attorneys' fees.

11. All claims brought by the EEOC against Defendant in the instant action (13-cv-02576 – United States District Court for the District of Maryland) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

*Grace E. Speights*

Grace E. Speights, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
(202) 739-5189

FOR PLAINTIFF:

Debra M. Lawrence
Regional Attorney

/s/

Maria Luisa Morocco
Supervisory Trial Attorney
EEOC Washington Field Office
131 M Street, NE
Washington, DC 20507
(202) 419-0724

Thomas D. Rethage, Jr.
Senior Trial Attorney
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2683

SO ORDERED.

Signed and entered this 22nd day of January, 2015.

George J. Hazel
United States District Court Judge

7